```
               IN THE UNITED STATES DISTRICT COURT
            FOR THE EASTERN DISTRICT OF PENNSYLVANIA


ANGEL PABON,                       :   CIVIL ACTION
                                   :   NO. 07-4199
            Petitioner,            :
                                   :
      v.                           :
                                   :
SUPERINTENDENT, SCI                :
MAHONEY, et al.,                   :
                                   :
            Respondents.           :
```

**O R D E R**

**AND NOW**, this **28th** day of **January, 2008,** upon consideration of the Report and Recommendation of United States Magistrate Judge L. Felipe Restrepo (doc. no. 4), and the objections thereto (doc. no. 7), it is hereby **ORDERED** as follows:

    1.   The Report and Recommendation is **APPROVED** and **ADOPTED**;[1]

---

[1] The procedural history in this case is fully detailed in the Report and Recommendation of Magistrate Judge L. Felipe Restrepo and need not be repeated presently.

    Effective on April 24, 1996, § 101 of the AEDPA imposed a one-year limitation period to applications for writs of habeas corpus filed by persons in state custody. 28 U.S.C. §2244(d) states;

(d) (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of reasonable dilligence

The statute also provides that the time during which an application is properly filed for a state post-conviction or other collateral review is pending shall not be counted toward any period of limitation. 28 U.S.C. §2244(d)(2).

In this instance, the statutory one-year period in which to file a habeas petition commenced 90 days after the denial of allocatur by the Pennsylvania Supreme Court, or the date his opportunity to file an allowance of appeal with the United States Supreme Court had terminated.  This date was August 12, 2002. Since petitioner's first PCRA petition was "properly filed," it tolled the AEDPA statue of limitations during the period in which it was pending.  When petitioner filed his first PCRA petition on May 28, 2003, more than nine months had run on the one-year AEDPA statute of limitations leaving approximately three months.

From May 28, 2003 until August 8, 2006, when the Pennsylvania Supreme Court denied allocatur, the limitations period was tolled.  As the petitioner only had three months left on his limitations period, he was required to file his § 2254 petition by approximately November 8, 2006.  The petition was filed on September 20, 2007, at the earliest, approximately ten months late.  Due to the delay in filing his habeas petition the petition must be dismissed as untimely, unless the petitioner can demonstrate that he is entitled to an equitable tolling of the limitations period. See 28 U.S.C. § 2244(d)(1).

Generally, in order to apply equitable tolling, the petitioner must show that he or she "[e]xercised reasonable diligence in investigating and bringing [the] claims," but "[m]ere excusable neglect is not sufficient." <u>Miller v. N.J. State Dept. of Corrections</u>, 145 F.3d 616, 618-19 (3d Cir. 1988). The Third Circuit set forth three circumstances when equitable tolling is justified: (1) if the defendant has actively misled the plaintiff; (2) if the plaintiff has in some extraordinary way

---

been prevented from asserting his rights; or (3) if the plaintiff has timely asserted his rights, but has mistakenly done so in the wrong forum. Jones v. Morton, 195 F.3d 153 (3d Cir. 1999).  The burden of proof is on the petitioner to show his entitlement to equitable tolling.  Brown v. Shannon, 322 F.3d 768 (3d Cir. 2003).

In this case, the petitioner bases his equitable tolling argument (an argument not presented to the Magistrate Judge below) on the contention that he does not read, speak or write in English, at least not well enough to timely file his § 2254 petition.  Petitioner fails to explain how this circumstance caused him to file his petition more than ten months late.  The point is not to show that the petitioner faced a language barrier, but rather what steps were taken by the petitioner to overcome it.  See Lopez v. Rozem, 2005 U.S. Dist. LEXIS 10655 (E.D.Pa., Jun. 1, 2005) (holding that a bare assertion of unfamiliarity with the English language does not constitute extraordinary circumstances required for equitable tolling).  Petitioner does attach correspondence to his objections, indicating that his request for legal assistance offered by the prison to those who are "legitimately illiterate" was rejected.  However, the same correspondence indicate that the rejection was based upon the fact that his English was "more than adequate."  He has made no attempt to explain why, in light of the fact that he contacted a Spanish speaking attorney, his petition was close to one year late.  See Perez v. Sherrer, 2006 U.S. Dist. LEXIS 16575, *18 (D.N.J., Mar. 17, 2007) (holding that even if imperfect English amounted to an extraordinary circumstance, petitioner's "gaily sitting on [his] rights for years cannot qualify as "diligent investigative efforts.").  Nor has he described in what way he was affected by his inability to secure language assistance.  Assuming that under certain circumstances lack of English language proficiency can rise to the level of "extraordinary," a petitioner must still show that he exercised reasonable diligence in bringing his claim.  In this case, petitioner has failed to do so.

2. Petitioner's objections to the Report and Recommendation are **OVERRULED**;
3. Petitioner's motion to stay the proceedings in this Court is **DENIED**.
4. The Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254, (doc. no. 1) is **DENIED** and **DISMISSED**;
5. There is no probable cause to issue a Certificate of Appealability.

**AND IT IS SO ORDERED.**

                                           S/Eduardo C. Robreno
                                       **EDUARDO C. ROBRENO, J.**